IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA MOSES,<br><br>　　　　Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>　　　　Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-15367 (JBS)<br><br>**OPINION** |

APPEARANCES:

Joshua Moses, Petitioner pro se
#55716-066
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

I. **INTRODUCTION**

　　Joshua Moses, a/k/a/ Roy Moses, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 1]. The only claim over which this Court has § 2241 jurisdiction is Petitioner's challenge to the Bureau of Prisons' ("BOP") calculation of his custody classification score ("Ground Two"). Therefore, the Court will sever the petition, retaining jurisdiction over Ground Two, and return the remainder of the

petition to the United States District Court for the Eastern District of Pennsylvania.

## II. BACKGROUND

Petitioner states that he was arrested in Pennsylvania on November 11, 2011 and charged with possession with intent to manufacture or deliver a controlled substance. [Docket Entry 1 at 10]. He was released on electronic monitoring after posting bail on December 27, 2011. [*Id.*]. He was then arrested and charged via federal indictment in the United States District Court for the Eastern District of Pennsylvania on May 13, 2014 with two counts of being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). [*Id.*]. *See also United States v. Moses*, No. 14-cr-0232 (E.D. Pa.). A jury convicted Petitioner of both counts in October 2014. [Docket Entry 1 ¶ 4].

According to the petition, Petitioner was transferred to the custody of the Commonwealth of Pennsylvania for trial on his state charges in Philadelphia County on December 8, 2014, before he was sentenced in federal court. [*Id.* at 10]. However, he was returned to the federal detention center that same day without going to trial on his state charges. [*Id.*]. He was transferred back to Philadelphia County's custody on April 27, 2015 for trial. [*Id.* at 11]. On May 1, 2015, Petitioner was convicted of possession and paraphernalia charges in the Court of Common Pleas. [*Id.*]; *Commonwealth v. Roy Moses*, CP-51-CR-0001275-2012

2

(C.P. Phila. Cty., May 1, 2015). On May 4, 2015, he was transferred back to FDC Philadelphia to await sentencing on his federal charges. [Docket Entry 1 at 11]. He was sentenced to 102 months imprisonment on May 12, 2015. [*Id.*]; *Moses*, No. 14-cr-0232 (E.D. Pa. May 13, 2015). On August 19, 2015, Petitioner was sentenced via videoconferencing to 6 to 12 years on his Pennsylvania charges, to be served consecutively to his federal charges. [Docket Entry 1 at 11]. "Petitioner was then given a 3 point detainer, and 3 points for severity of the state offense, which is unrelated to his federal charges." [*Id.*]. He was transferred to Philadelphia County again on February 19, 2016, "however, petitioner never requested any IAD [Interstate Agreement on Detainers] action or have any new charges pending against him to warrant a transfer under the IADA which formed the basis of the detainer writ as the authority." [*Id.*].

Petitioner filed this habeas petition under 28 U.S.C. § 2241 in the Eastern District of Pennsylvania on September 12, 2018. [Docket Entry 1]. That court transferred the petition to this district for review as Petitioner is presently confined in FCI Fort Dix, New Jersey. [Docket Entry 5]. Petitioner asks the Court to vacate his federal and state convictions and to quash the detainer against him due to the alleged violations of the anti-shuttling provisions of the Interstate Agreement on Detainers. He also alleges the "shuttling" deprived him of his

3

medical care, and that the BOP calculated his custody score incorrectly.

**III. STANDARD OF REVIEW**

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

The Eastern District of Pennsylvania transferred the petition to this Court for consideration under 28 U.S.C. § 2241 because Petitioner is currently incarcerated in FCI Fort Dix, New Jersey. [Docket Entry 5].

"[T]he proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). "Generally, 'the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.' However, 'when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not "the person who [holds] him in what [is] alleged to be unlawful custody."'" *Brown v. Warden of LSCI Allenwood*, No. 1:19-CV-534, 2019 WL 2160401, at *1 (M.D. Pa. May 17, 2019) (quoting *Padilla*, 542 U.S. at 435; *Graham v. Brooks*, 342 F. Supp. 2d 256, 261 (D. Del. 2004)) (alteration in original). "In such circumstances and for the purpose of the § 2241 petition only, the petitioner is deemed to be in custody of the officials lodging the detainer." *Sheeron v. North Carolina*, No. 18-CV-14954, 2018 WL 6111135, at *1 (D.N.J. Nov. 21, 2018) (citing *Padilla*, 542 U.S. at 437-38; *Braden*, 410 U.S. at 494-95; *Graham*, 342 F. Supp. 2d at 261-62).

5

Petitioner is challenging a future detainer issued by the Court of Common Pleas, Philadelphia County located in the Eastern District of Pennsylvania. Under *Braden*, Petitioner is deemed to be in the "custody" of Pennsylvania for those claims. The Eastern District is therefore the proper jurisdiction for challenging that detainer.

However, Petitioner also claims in Ground Two that the BOP miscalculated his custody classification score. [Docket Entry 1 at 7]. That claim is properly filed in this district as Petitioner is presently incarcerated in FCI Fort Dix. Therefore, the Court will sever the petition and transfer the claims over which it does not have jurisdiction back to the Eastern District of Pennsylvania. The BOP shall be ordered to answer Ground Two.

## V. CONCLUSION

For the reasons stated above, Ground Two is severed from the rest of the petition. The Clerk of the Court shall be ordered to transfer the petition to the United States District Court for the Eastern District of Pennsylvania for consideration of Grounds One, Three, and Four. The BOP shall answer Ground Two. An accompanying Order will be entered.

_June 12, 2019_
Date

_Joseph H. Rodriguez_ for
JEROME B. SIMANDLE
U.S. District Judge